960 F.2d 145
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BLUE CIRCLE ATLANTIC, INCORPORATED, Plaintiff-Appellee,
v.
FALCON MATERIALS, INCORPORATED; Concrete Supply & Service
Corporation, Defendants-Appellants.
 No. 91-2099.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 4, 1992
Decided: April 21, 1992
 
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 
 1
 ARGUED: David Barmak, Sherman, Meehan & Curtin, P.C., Washington, D.C., for Appellants.
 
 
 2
 Jennifer Fletcher, Griffin, Cochrane & Marshall, Atlanta, Georgia, for Appellee.
 
 
 3
 ON BRIEF: Mark S. Carlin, Sherman, Meehan & Curtin, P.C., Washington, D.C., for Appellants.
 
 
 4
 Henry L. Griffin, Jr., Robert T. Tifverman, Griffin, Cochrane & Marshall, Atlanta, Georgia; Richard E. Dunne, III, George Beall, Hogan & Hartson, Baltimore, Maryland, for Appellee.
 
 OPINION
 PER CURIAM:
 
 5
 The district court entered judgment on the verdict of the jury in favor of Blue Circle Atlantic, Incorporated (BCA) on its claim for money due pursuant to a contract to supply cement to Falcon Materials, Incorporated and Concrete Supply & Service Corporation (collectively "Falcon") and against Falcon on some of its counterclaims. The district court granted summary judgment against Falcon on its other counterclaims. Falcon appeals, claiming the district court erred by allowing certain testimony from BCA's customers; by holding that a document prepared at BCA's request was protected from discovery; by granting summary judgment on Falcon's counterclaims for actual and punitive damages based on negligent misrepresentation and fraud; and by excluding certain evidence regarding Falcon's alleged damages.
 
 
 6
 We conclude that the district court did not abuse its discretion in admitting testimony from two of BCA's customers that they had not experienced any problems with cement supplied by BCA. See Ellis v. International Playtex, Inc., 745 F.2d 292, 305 (4th Cir. 1984) (lower court ruling on admissibility of evidence under Fed. R. Evid. 403 reviewed for abuse of discretion). The district court did not act improvidently in finding that the "Sumner Report" is not discoverable. See McDougall v. Dunn, 468 F.2d 468, 476 (4th Cir. 1972) (lower court ruling on discovery under Fed. R. Civ. P. 26(b) reviewed to determine whether it is improvident and affects substantial rights); Fed. R. Civ. P. 26(b).
 
 
 7
 Because an examination of the evidence in the light most favorable to Falcon reveals no genuine issues of material fact and because BCA is entitled to judgment as a matter of law, we affirm the decision of the district court granting summary judgment in favor of BCA on Falcon's counterclaims based on fraud and negligent misrepresentation. See Helm v. Western Md. Ry., 838 F.2d 729, 734 (4th Cir. 1988) (appellate court makes de novo determination of propriety of granting summary judgment motion); Fed. R. Civ. P. 56(c). Finally, any error by the district court in excluding evidence relating to Falcon's alleged damages is harmless since we affirm the verdict of the jury and it expressly found that the cement supplied to Falcon by BCA was not defective. See Deadwyler v. Volkswagen of Am., Inc., 884 F.2d 779, 781, 783-84 (4th Cir. 1989), cert. denied, 493 U.S. 1078 (1990).
 
 AFFIRMED